IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02850-CMA-MJW

LOUISE MORENO,

Plaintiff,

v.

U.S. BANK N.A.,
THE PUBLIC TRUSTEE'S OFFICE OF DENVER COUNTY, COLORADO, and
ANY AND ALL OTHER PARTIES WHO MAY HAVE AN INTEREST IN THE SUBJECT
PROPERTY,

Defendants.

---

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

---

This case is before the Court on Defendant U.S. Bank, N.A.'s ("Defendant Bank")

Motion to Dismiss. (Doc. # 15.) Plaintiff filed a response (Doc. # 21) and Defendant

Bank filed a reply (Doc. # 29). The Court has carefully considered the motion, the

response, the reply, and the various exhibits submitted by the parties. The Court has

taken judicial notice of the Court's file and has considered the applicable Federal Rules

of Civil Procedure and case law. The Court now being fully informed and having

jurisdiction pursuant to 28 U.S.C. § 1332 grants the motion to dismiss for the following

reasons.

## I.  BACKGROUND

Plaintiff commenced this case in Denver County District Court, and Defendant

Bank then removed the action on November 28, 2017. (Doc. # 1.) In her complaint,

Plaintiff brings two claims relating to real property known as 1590 Little Raven Street,

Unit 306, Denver, CO 80202 (the "Subject Property"). First, she brings a claim under

Colorado Rule of Civil Procedure 105, asking the Court to find that Defendant Bank is time barred from foreclosing on the Subject Property. Second, she seeks a declaratory judgment that her obligation to satisfy the Promissory Note ("Note") relating to the Subject Property is also time barred and that, as a result, the Deed of Trust "is extinguished, unenforceable and released" as to the Subject Property. (Doc. # 6 at 5.) Similarly, Plaintiff asks the Court to find that "the underlying debt evidenced by the Promissory Note allegedly held by [Defendant Bank] and signed by [Plaintiff] is time barred and uncollectible." (*Id.*)

Plaintiff's claims are premised on the argument that the six-year limitations period set forth in Colorado Revised Statute § 13-80-103.5 bars the Defendant Bank's most recent foreclosure action initiated on March 23, 2017, because it occurred nearly seven years after the first foreclosure action, which commenced on January 15, 2010.

In the instant motion, Defendant Bank argues that "[t]he statute of limitations begins running on acceleration, not default" and that the prior withdrawals of earlier foreclosures "restarted any running limitations clock." (Doc. # 15 at 2.) Defendant further contends that Plaintiff is judicially estopped from challenging the Note and Deed of Trust held because Plaintiff recognized them as outstanding debts in her 2014 and 2017 bankruptcy plans. (*Id*. at 9–10.)

## II.    <u>STANDARD OF REVIEW</u>

The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). A complaint will survive such a motion only if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a

motion to dismiss, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). Nevertheless, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

Normally, when considering a motion to dismiss, a court must disregard facts supported by documents other than the complaint unless the court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). However, a court may consider outside documents that are both central to Plaintiff's claims and to which Plaintiff refers in her complaint. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). A court may also consider documents subject to judicial notice, including court documents and matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). In this case, the Deed of Trust and the Assignment to Defendant Bank were both

attached to the complaint, and the Court may therefore consider them. In addition, Defendant Bank has submitted documents filed in Plaintiff's 2014 and 2017 bankruptcy proceedings. Based on the above-mentioned principles, the Court properly considers these documents without converting the instant motion to a motion for summary judgment.

## III.  ANALYSIS

The Court begins with Defendant Bank's judicial estoppel argument. As an initial matter, Defendant Bank clearly asserted this argument in the motion (Doc. # 15 at 9-10) and Plaintiff did not address it in her response. As this Court has previously held, a failure to respond to an argument is a confession. *See, e.g. Rothe v. Sloan*, 2015 WL 3457894, at *2 (D. Colo. May 29, 2015). However, even if Plaintiff did respond to the argument, she could not defeat it. Judge Jackson recently faced the same argument and found that "the six-year statute of limitations under Colorado law for recovering a debt ha[d] not expired" when "plaintiffs voluntarily re-affirmed that they would repay their debt to defendant" by affirmatively stating the obligation and their intent to repay the debt in a bankruptcy petition. *Christenson v. CitiMortgage, Inc.*, 255 F.Supp.3d 1099, 1108-09 (D. Colo. 2017). As Judge Jackson explained:

> Such an affirmation, as well as plaintiffs' subsequent payments to defendant during bankruptcy, . . . , undoubtedly "renewed" the statute of limitations on plaintiffs' debt, *see Hutchins v. La Plata Mountain Res., Inc.*, 373 P.3d 582, 585 (Colo. 2016) ("That an implicit promise to pay, either in the form of a partial payment . . . or an acknowledgment meeting these conditions . . . will extend the statute of limitations has remained, largely unquestioned, the law of this jurisdiction.") (citations omitted); *Drake v. Tyner*, 914 P.2d 519, 523 (Colo. App. 1996) (statute of limitations period begins anew with each part payment); *see also Koyle v. Sand Canyon Corp.*, 2:15-CV-00239, 2016 WL 917927, at *4 (D. Utah Mar. 8, 2016), *aff'd*, 16-4035, 683 F. App'x 715, 2017 WL 1192186

4

> (10th Cir. Mar. 31, 2017) (Here, "[the borrower] acknowledged the debt during his second Chapter 13 bankruptcy resulting in a renewal of [Utah's] six year statute of limitations period.").

*Id.* at 1109.

In this case, Plaintiff voluntarily filed her second bankruptcy under Chapter 13 on June 21, 2017. (Doc. # 15-15.) In that document, Plaintiff included the same language on which Judge Jackson relied in *Christenson*: "[d]efaults shall be cured and regular payments shall be made" with regard to the mortgage on the Subject Property. (Doc. # 15-17 at 5–6.)

As Defendant Bank argues, this type of behaviour is what judicial estoppel is designed to preclude. "The doctrine of judicial estoppel is based upon protecting the integrity of the judicial system by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *Bradford v. Wiggins*, 516 F.3d 1189, 1194 (10th Cir. 2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)); *see also In re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990) ("Judicial estoppel is a doctrine intended to prevent the perversion of the judicial process"). The Court considers whether "1) a party's later position is clearly inconsistent with its earlier position; 2) a party has persuaded a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled; and 3) the party seeking to assert the inconsistent position would derive an unfair advantage if not estopped." *Mathews v. Denver Newspaper Agency LLP*, 649 F.3d 1199, 1209 (10th Cir. 2011) (quoting *Bradford*, 516 F.3d at 1194 (internal quotations omitted)).

In this case, it is clear that Plaintiff recognized in her 2017 bankruptcy plan (Doc. # 15-17), which was confirmed by Judge McNamara on September 29, 2017 (Doc. # 15-18 at 3), that she owed money on the outstanding mortgage on the Subject Property and that she intended to pay that debt (Doc. # 15-17 at 5–6, 10). Plaintiff was then granted relief under Chapter 13 by Judge McNamara based on the disclosures and admissions in the Chapter 13 Plan. (Doc. # 15-18.) If this Court now declares that mortgage debt to be extinguished, Plaintiff would certainly derive an unfair advantage. Notably, on November 16, 2017, Judge McNamara granted Defendant Bank relief from the automatic stay with regards to the Subject Property. (Doc. # 15-19.) The November 16, 2017 order specifically allowed Defendant Bank to "foreclose on and/or take possession and control of" the Subject Property. (*Id*. at 2.)

Based on all of this evidence, the Court finds that the judicial estoppel factors have been satisfied, and Plaintiff is accordingly estopped from arguing that the Note and Deed of Trust are no longer enforceable. To conclude otherwise would improperly promote the perversion of the judicial process. Because Plaintiff's claims rest entirely on her argument that the Note and Deed of Trust are unenforceable and this Court has concluded otherwise, Plaintiff cannot prevail on those claims and dismissal of the complaint is accordingly warranted.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS Defendant Bank's Motion to Dismiss (Doc. # 15) and DISMISSES Plaintiff's complaint WITH PREJUDICE. Because there are no claims in the complaint that survive this dismissal and no counterclaims have been lodged, the Court ORDERS that this action is DISMISSED.

DATED: August 10, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge